# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

FRANKLIN DELANO FLOYD,

 Petitioner,

v. CASE NO. 4:06cv487-RH

THE STATE OF FLORIDA et al.,

 Respondents.

_____/

## ORDER OF TRANSFER

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. §2254 and motion for leave to proceed in forma pauperis.

Petitioner is in state custody at the Union Correctional Institution, which is located in the Middle District of Florida. He challenges his conviction of first-degree murder and death sentence imposed in state court in Pinellas County, Florida. Pinellas County is in the Middle District of Florida. Petitioner is also currently challenging this same conviction and sentence by §2254 petitions pending in the Middle District (*see* cases no. 8:06cv1897 and 8:06cv1898).

Venue of a §2254 petition lies in both the district where the petitioner was convicted and the conviction where the petitioner is incarcerated, but such a

petition may be transferred to the more convenient of the districts:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. §2241(d). In most cases, the district of conviction is the more convenient forum. *See Parker v. Singletary*, 974 F.2d 1562, 1582 & n.118 (11th Cir. 1992) (noting that courts should give great weight to the convenience of witnesses and ease of access to sources of proof when considering whether to transfer a habeas petition).

In short, venue of this petition lies only in the Middle District, and transfer of the action to the Middle District would be appropriate even if venue were proper in both this district and the Middle District. Accordingly,

IT IS ORDERED:

This action is transferred to the United States District Court for the Middle

District of Florida. The clerk shall take all steps necessary to effect the transfer.

SO ORDERED this 29th day of October, 2006.

s/Robert L. Hinkle<br>Chief United States District Judge

*Case No: 4:06cv487-RH*